DUFRESNE, Judge.
This is an appeal from a judgment disallowing the collection of attorney’s fees.
In 1979, William H. Farris (plaintiff), was employed as the attorney for Dennis Arthur Lamont (defendant), to represent the de *971 fendant in domestic proceedings involving divorce, community property settlement, alimony and child support. There was a judgment in the District Court for the Parish of St. Tammany ordering defendant to pay alimony and child support. Subsequently that year, due to changed circumstances plaintiff, on behalf of defendant filed a Rule Nisi to reduce the amount of alimony and child support. At the time this rule was set for a hearing, the former wife of the defendant filed a corresponding Rule Nisi for past due alimony and child support owing from the original decree. By judgment, defendant’s alimony obligation was terminated (as a result of former wife’s remarriage) and child support payments were reduced (as a result of one child attaining majority). However, he was adjudged to be in arrears for past due alimony and child support from the time of the original judgment. The plaintiff was not present in court for this ruling due to a death in his family. Plaintiff’s law partner, Frederich Earhart appeared in his place and had accepted service on the counter rule for back alimony. As attorney for the defendant, plaintiff considered the judgment of arrearage excessive and erroneous, therefore plaintiff filed a Motion for New Trial. The matter was reheard and the trial judge vacated the previous judgment and ordered the defendant to pay a reduced arrearage in past due alimony and child support.
There ensued a number of court appearances in order to rectify this matter and obtain a new trial. For legal services rendered and expenses incurred in connection with these matters, plaintiff billed the defendant $1,325.20. After attempts to collect the professional fees, plaintiff instituted suit for collection. Trial of this litigation was held in the First Parish Court in Jefferson Parish. Judgment of this court concluded that the plaintiff could not receive attorney’s fees in connection with the Motion for a New Trial because of a previous adverse judgment which subsequently had to be corrected due to the fault of Fredrich A. Earhart, agent of the plaintiff. Accordingly, the plaintiff’s suit was dismissed at his cost. From that judgment, plaintiff has appealed.
The underlying issue on appeal is: Whether the defendant should pay for legal services necessitated by an adverse judgment that was rendered because of a misunderstanding between someone standing in for his attorney and opposing counsel? In other words, should the defendant be liable for attorney’s fees to correct an adverse judgment which was the result of an error of defendant’s attorney?
We agree with the trial court, that the misunderstanding or “foul-up” cannot be attributed to the defendant, rather it was the duty of the plaintiff to rectify an adverse judgment against his client due to his absence at the hearing.
Because Louisiana is a civil law jurisdiction, the absence of express law does not imply a lack of authority for courts to provide relief. The Louisiana Courts have recognized this duty to proceed and decide issues under these circumstances on many occasions.
“In all civil matters, where positive law is silent, the judge is bound by the Civil Code to proceed and decide according to equity, i.e., according to natural law and reason, or to received usages.” LSA-C.C. art. 21, and Loyacano v. Loyacano, 358 So.2d 304 (La.1978). Basically, it comes to this: The plaintiff as an attorney was hired by the defendant to perform specific professional services, which he performed in such a manner as to subsequently require substantial remedial services to correct his errors. Should a lawyer be allowed to profit by his own mistakes at the expense of his innocent client? The obvious answer is no.
The doctrine of equity is founded in the Christian principle not to do unto others that which we would not wish others to do unto us.
For the reasons assigned, the trial court’s judgment is affirmed at plaintiff’s costs.
AFFIRMED.